AMERICAN TARSO COMPANY, INCORPORATED, PLAINTIFF-APPELLANT, v. ADVANCED PRODUCTS ASSOCIATION, DEFENDANT-RESPONDENT.

Submitted October term, 1934—Decided February 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-appellant, *David L. Cole.*

For the defendant-respondent, *Morton Isaacs.*

The opinion of the court was delivered by

CASE, J. On October 4th, 1932, plaintiff and defendant entered into a contract relating to the use by defendant of certain processes in the manufacture of felt. Paragraph 6 of the contract provided:

"Advanced [defendant] agrees to pay to Tarso [plaintiff] a royalty fee for the use of said patents and or secret processes, methods or trade secrets, of five cents (5c) per square foot, on all of the said felt manufactured in connection with the said processes. It is agreed between the parties that the amount of royalty fees for each month's business shall be determined by the square footage of the film sheet measurement ordered by and sold to Advanced during each month's period, the said royalty to be paid to Tarso by Advanced, thirty (30) days from date of invoice of the said film."

There was a breach, character undefined, by the defendant, whereupon plaintiff terminated the contract. The total square footage manufactured by defendant up to that time amounted to $14, which sum admittedly was paid to plaintiff. Plaintiff sued declaring that it was entitled to a minimum payment of $500. The court, sitting without a jury, found for the defendant, and plaintiff appeals.

The specification of determination sets out that the trial court erred (1) in refusing plaintiff's motion to enter judgment in its favor, (2) in failing to direct a judgment in favor of the plaintiff and (3) in directing judgment to be entered for the defendant instead of directing a judgment in favor of the plaintiff. The state of case as certified to us shows that no motions were made by either side; therefore there is nothing in the record to support the first specification. No judg-

ment was "directed," the court simply found for the defendant; consequently the second and third specifications are no more than an assertion that judgment was given to the defendant instead of to the plaintiff, and that is not sufficient. *Eckerl* v. *Nazzaro,* 109 *N. J. L.* 136; 160 *Atl. Rep.* 425. The questions submitted on appeal are not properly before us.

However, reviewing the record to ascertain whether it contains anything upon which the judgment for defendant may rest, we learn: The provisions in the contract by which plaintiff claims a $500 minimum payment are not susceptible of positive construction, but even if given plaintiff's version would not apply unless the contract were in force for six months. The only proof before us as to the time of cancellation is that "sometime during the first six months following October 4th, 1932, the defendant breached the contract. Plaintiff thereupon terminated the contract by proper notice." That reasonably carries the meaning that at sometime within the first six months defendant breached and plaintiff terminated the contract, and such, apparently, was the view of the trial judge. If that be so, then the plaintiff ended the contract before the minimum payment became due. By a further contractual provision defendant's obligation upon cancellation by plaintiff was to pay only "those royalties which shall then be due." Appellant's brief states that the determination was on April 4th, 1935, but if that be the fact, the place for it is in the proofs. We are constrained to consider that the case as it comes to us shows otherwise. The contract was canceled by the plaintiff before it had been in force for six months, wherefore the obligation upon the defendant to make a minimum payment of $500 never arose. Defendant was obligated to pay only $14, the receipt of which is admitted by plaintiff.

Affirm.